People v Fashakin (2021 NY Slip Op 03122)





People v Fashakin


2021 NY Slip Op 03122


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Ind No. 88/17 Appeal No. 13839 Case No. 2018-2686 

[*1]The People of the State of New York, Respondent,
v
Jacob Fashakin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered December 19, 2017, convicting defendant, after a jury trial, of perjury in the first degree (three counts) and perjury in the third degree, and sentencing him to an aggregate term of 6 months, with 5 years' probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the period of probation to 3 years, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Among other things, defendant's testimony to the grand jury about his whereabouts on the night of the alleged sale of forged tickets to two people was abundantly proven to be false by the victims' testimony and cell site location information recovered from a cell phone defendant was carrying when he was arrested the next evening. Notwithstanding defendant's use of approximate or uncertain language when recounting his whereabouts, the other evidence plainly established the deliberate falsity of his testimony. Defendant's false testimony about his conduct near the scene of the crime on the night after the incident "was material to the grand jury proceeding, particularly with regard to the issue of whether defendant was correctly identified as the perpetrator" (People v Melendez, 109 AD3d 750, 751 [1st Dept 2013], lv denied 22 NY3d 1089 [2014]). We have considered and rejected defendant's remaining arguments concerning the sufficiency and weight of the evidence.
To the extent defendant may be viewed as having made a request for the appointment of new assigned counsel, he did not make a "seemingly serious request," requiring a "minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]). In any event, the court conducted an inquiry that was sufficient under the circumstances, including defendant's "vague, conclusory allegation" (id. at 101) of not seeing eye to eye with counsel, and the "timing of the motion" (id.) immediately before the commencement of jury selection. Moreover, defendant had just claimed he had hired private counsel, who never appeared, and whom defendant could not name.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021